Leslie Herman **KERBER**, a minor, by
Cecelia Kerber, next friend,
Plaintiff,

v.

**AMERICAN MACHINE & FOUNDRY
COMPANY, d/b/a Union Machin-
ery Company, Defendant.**

**No. 1442.**

United States District Court
W. D. Missouri,
St. Joseph Division.

July 3, 1968.

Miner, Martin & Speiser, St. Joseph,
Mo., for plaintiff.

Strop, Watkins, Roberts & Hale, St.
Joseph, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER OVERRULING MOTION FOR NEW TRIAL.

DUNCAN, Senior District Judge.

On January 15, 1967, at about 11:30 P.M. plaintiff, Leslie Herman Kerber, while working as an employee of the Continental Baking Company at 1201 South 11th Street, St. Joseph, Missouri, was severely injured while operating a "Pan-O-Mat" machine manufactured by the defendant, a Virginia corporation. Specifically, his left hand became caught between a steel chain and cog wheel which severed all four fingers and the palm of his hand before he could extricate it from the machine.

The machine in question was one which made buns and rolls by dropping wads or balls of dough into pans which were placed in a position so as to receive them by the plaintiff who was referred to when working in that capacity as a pan setter. His other duties were to remove "stick ups" and to correct "doubles."

"Stick ups" occurred when a ball or wad of dough did not become sufficiently coated with flour so as to prevent it from sticking to the side of a chute. When operating correctly the dough would go down the chute and into little cups and then later into pans which had been previously set in place by the operator. Sometimes, however, two balls of dough would fall into one cup and when

that occurred, there was a "double" which had to be removed.

"Doubles" could be safely removed from the back of the machine which was open and free from danger. It was also possible to correct "doubles" from the side of the machine by reaching into an area which contained the moving parts which injured the plaintiff. This area was manufactured with a cover or shield over it which could be easily removed for cleaning purposes. Sometimes the machine was operated with the cover on and at other times not.

The plaintiff had seen the machine operate both ways. He was experienced in the use of machinery generally, had operated the Pan-O-Mat previously, was aware of the chain and cogs within the side opening, and stated that he knew that he would get hurt if he stuck his hand into the area where the chain and cogs were located.

At the time of the accident plaintiff had found a "double" and had reached into the area where the safety plate or cover should have been. He grabbed the dough ball intending to place it into an empty cup when ne noticed a "stick up" on the flour chute. He reached over with his right hand to remedy that situation when his left hand became pinched between a cog and the chain. He tried vainly to extricate the hand, but he was too late and it was carried on through the machinery.

Suit was brought on August 29, 1967, and the court had jurisdiction by virtue of diversity and jurisdictional amount. The case came on for trial on May 6, 1968 and at the close of all the evidence the court directed a verdict for the defendant.

The matter is now before us on plaintiff's Motion for New Trial, alleging that the verdict was against the weight of the evidence and contrary to the law. It is also charged that the court erred in refusing to admit certain evidence.

■ The plaintiff's cause was founded on negligence in design and manufacture of the Pan-O-Mat machine. Specifically, the charges are that the defendant was careless and negligent in: (a) not having an adequate safety shield to prevent an operator from being caught in the moving link conveyor and cogwheels; (b) designing the machine with (1) no warning not to remove the cover while the machine was operating, (2) not having the panel fastened to the machine but having it easily removable; (3) not designing and manufacturing the machine so that removal of the guard made the machine inoperative, and (4) not having a warning on it that the machine should not be operated without the cover in place; and (c) having the power cut-off located where it was not possible for plaintiff to reach it when the plaintiff's hand was caught.

We believe that the case of Stevens v. Durbin-Durco, 377 S.W.2d 343, 346–348 (Mo.1964) correctly states the applicable rule of law:

> "The manufacturer of a product which is potentially dangerous when applied to its intended use (citing cases) or reasonably certain to place life and limb in peril when negligently made (citing cases) is under a duty to a remote user to exercise ordinary care in its manufacture, and is liable to a remote user injured thereby if the injury results from a latent defect bespeaking lack of ordinary care in making the product."

>    \*    \*    \*    \*    \*    \*

> "[W]here the danger is open, obvious and apparent, or the user has actual knowledge of the defect or danger, there is no liability on the manufacturer."

Under that rule, we do not believe that reasonable men could differ in finding that the danger was not latent or concealed, but on the contrary, it was open, obvious and apparent to all who used it, particularly the plaintiff who had—by his own admission—actual knowledge of the danger and an awareness that he could be hurt if he stuck his hand in the uncovered opening.

The opinion in the *Stevens* case goes on to say that, "A manufacturer is not under any duty 'to provide a guard or other protective device to prevent injury from a patent peril or a source manifestly dangerous.'"

The defendant contends, however, that since the manufacturer undertook to provide a shield it should be one which is adequate to protect the operator and that the one provided was not adequate in that respect. With this we cannot agree inasmuch as it was shown that when the shield was in place it was physically impossible to put a hand or any body extremity into the opening. In this respect the shield was adequate to protect the plaintiff. The fact that the shield was removed by someone at plaintiff's place of employment does not make the shield any the less adequate to protect the plaintiff. Further, it is to be noted that when the machine was operating with the shield removed the danger was open, obvious and apparent and under the above authority, no liability attached therefor.

As for points (b) and (c) charging carelessness and negligence in design as to the lack of warnings, not having the shield fastened to the machine or not having an automatic cut-off when the shield was removed, and not having the power cut-off where plaintiff could reach it, it is our belief that the principle announced in the *Stevens* case that, "the manufacturer is not liable as an insurer, and he is under no obligation to make the product accident proof or foolproof" and "A manufacturer is not obliged to adopt only those features which represent the ultimate in safety or design" is controlling.

 Not only do we find no liability as a matter of law, but even if there were liability we do not believe that plaintiff could recover because he either was contributorily negligent or else he assumed the risk by choosing to operate the machine with the cover off, removing "doubles" from the side of the machine rather than from the rear and placing his hand into the uncovered area all done with the knowledge that the uncovered area was obviously dangerous, and that the safer procedure would be to remove the "doubles" from the rear of the machine.

It is therefore ordered that the Motion for New Trial be and is overruled.